THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANIXA SANTIAGO-RIVERA

    Plaintiff,

    v.

SAN JORGE CHILDREN'S HOSPITAL, INC., et al.

    Defendants.

Civil No. 21-1243 (ADC)

## OPINION AND ORDER

Pending before the Court is defendants' joint motion to dismiss at **ECF No. 7**. For the reasons stated herein, the motion to dismiss at **ECF No. 7** is **GRANTED**.

**I.    Background**

On April 19, 2021, Anixa Santiago-Rivera ("plaintiff") filed a complaint in state court against San Jorge Children's Hospital, Inc. ("San Jorge"), Dr. Carlos González-Aquino, and John Does 1-100 ("Does"), requesting permanent injunctive relief pursuant the Americans With Disabilities Act, 42 U.S.C.A. § 12188, et. seq. and 28 C.F.R. Part 36 ("ADA"), compensatory damages under the Article 1802 of the Puerto Rico Civil Code, other remedies pursuant the Rehabilitation Act, 29 U.S.C. § 794, as well as nominal damages.[1]

---

[1] On May 27, 2021, defendants removed the case to this Court. **ECF No. 1**.

On June 24, 2021, defendants filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 7**. Defendants argued that the complaint improperly requests nominal damages against defendants for the alleged ADA violations. *See* **ECF No. 1-1**, ¶59. Thus, they moved for partial dismissal of the complaint. **ECF No. 7**.[2] Plaintiff filed a response. **ECF No. 8.** Defendants replied. **ECF No. 11.** Plaintiff did not move for leave to file a sur-reply.

## II.     Legal Standard

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

The First Circuit established a two-prong test to evaluate "plausibility" under Fed. R. Civ. P 12(b)(6). *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican*

---

[2] Several months after filing the joint motion to dismiss at **ECF No. 7**, co-defendant San Jorge filed an informative motion indicating that it reached a private agreement with plaintiff that would end litigation between them. **ECF No. 13**. For ease of reference, the Court will continue to refer to defendants in the plural tense.

*State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible "means something more than merely possible." *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.[3]

### III. Discussion

Defendants' argument at **ECF No. 7** is quite simple. To wit, because plaintiff is a private party, "she may only seek injunctive relief thereunder… Section 121811(a)(2) of the ADA only provides injunctive relief as a remedy. Thus, this Court lacks subject-matter jurisdiction to consider, let alone award, any monetary relief—including nominal damages—for any alleged ADA violation." **ECF No. 7** at 1.

Plaintiff concedes that "ADA does not provide for economic damages," however she claims that her request for nominal damages should not be dismissed because nominal damages

---

[3] "[W]e realize too that we can consider (a) implications from documents attached to or fairly incorporated into the complaint, (b) facts susceptible to judicial notice, and (c) concessions in plaintiff's response to the motion to dismiss. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012)(quoting *Arturet–Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)(internal quotation marks omitted).

"are not economic damages," per se. **ECF No. 8** at 6-7. Plaintiff cites *Uzuegbunam v. Preczewski*, 592 U.S. \_\_\_\_, 141 S. Ct. 792, 209 L.Ed.2d 94 (2021) in support. The Court disagrees.

Counsel for plaintiff is well-known in this District Court for having filed filing dozens of actions pursuant to ADA through the years. Since the Supreme Court issued its Opinion in *Uzuegbunam*, 141 S. Ct. 792 in 2021, counsel for plaintiff has moved to amend pending cases and has filed several[4] actions seeking nominal damages ($1.00) in order to avoid dismissal due to mootness where defendants move to comply with ADA before judgment is entered. By securing a judgment for nominal damages, plaintiff concedes, they would be entitled to an award of attorney's fees.

Plaintiff's arguments before this Court have been rejected by other Judges in this District Court. For example, in *Rodríguez-Burgos v. Arcos Dorados Puerto Rico, LLC*, 19-2089 (SCC), 2021 WL 1595642, at *2 (D.P.R. Apr. 22, 2021), plaintiff[5] moved to amend the complaint to include nominal damages under the exact same theory raised in the instant case. The Court in *Rodríguez-Burgos v. Arcos Dorados Puerto Rico, LLC*, denied plaintiff's "convoluted" argument reasoning "his reliance is misplaced, as that case [*Uzuegbunam v. Preczewski*], which dealt with violations of the First Amendment of the Constitution, holds that a request for nominal damages satisfies the redressability element necessary for Article III standing, an issue separate from mootness." *Id*.

---

[4] *See,* among many others, 21-01351(ADC); 21-01530(ADC); 21-01577(ADC).
[5] Represented by the same attorney that represents plaintiff in this case.

Similarly, in *Medina-Rodríguez v. Canóvanas Plaza Rial, Econo Real, LLC*, 17-1943 (BJM), 2021 WL 4096588, at *1 (D.P.R. Sept. 8, 2021)[6] a sister Court clarified that although nominal damages "may not be a subcategory of compensatory damages," neither could they be considered a "subcategory of preventative relief" under ADA. Addressing the same arguments presented by plaintiff in this case, the Court correctly held that plaintiff "does not have any statutory grounds under which to recover nominal damages in this action." *Id*.

This District Court is not alone. As highlighted in *Medina-Rodríguez, id.,* the Central District of California has reached the same conclusion. In *Whitaker v. Rodríguez*, No. 2:20-CV-00494-RGK-KS, 2021 WL 3122400, at *2 (C.D. Cal. Apr. 19, 2021), the court concluded that the Ninth Circuit had already held that damages are not recoverable under Title III of the ADA and denied plaintiff's motion, considering that "the facts of *Uzuegbunam* do not align with the facts here." *Id*.

Indeed, remedies under Title III "are narrow" and "remedial" in nature, which in this case allow actions for "preventive reliefs." *G. v. Fay Sch.*, 931 F.3d 1, 9 (1st Cir. 2019). Therefore, "damages for past harm are not available." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 51 (1st Cir. 2006). Because "[n]ominal damages recognize a past wrong by providing plaintiffs the moral satisfaction of knowing that a federal court concluded that their rights have been violated in some unspecified way[,] [t]hey do not fit into the taxonomy of preventive relief." *G. v. Fay Sch.*,

---

[6] Filed by the same attorney that represents plaintiff in this case.

931 F.3d at 11 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114, (1992) and *Goodwin v. C.N.J., Inc.*, 436 F.3d at 51)(cleaned up).

Plaintiff's appeal to this Court's sense of justice fares no better. Plaintiff argues that denying ADA plaintiffs the right to seek nominal damages for violations under Title III (prohibiting disability discrimination in any place of public accommodation) will allow defendants to secure dismissal before judgment by fixing whatever it is they need to fix. This mootness-driven dismissal, in turn, will preclude plaintiffs from obtaining an award for attorney's fees and, ultimately, leave people who cannot afford an attorney without recourse.

This potential scenario, however, can be considered a byproduct of the tradeoff that eventually resulted in the enactment of Title III. As the First Circuit explained not long ago, "the broad coverage of ADA Title III came at a price… In return for a broad list of covered entities, civil rights advocates agreed to a **limited set of remedies**." *G. v. Fay Sch.*, 931 F.3d at 11 (quoting R. Colker, *ADA Title III: A Fragile Compromise*, 21 Berkeley J. Emp. & Lab. L. 377, 377–78 (2000)(emphasis added)).

In light of all the above, defendants' motion to dismiss at **ECF No. 7** is **GRANTED**. Accordingly, plaintiff's claim requesting nominal damages under ADA are hereby dismissed with prejudice.[7]

---

[7] Because defendants only moved to dismiss "plaintiff's allegations requesting nominal damages in Title III ADA claim," (**ECF No. 7** at 6) the Court will not address plaintiff's argument under the "Rehabilitation Act of 1973" **ECF No. 8** at 5-7.

Clerk of Court shall enter partial judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February, 2022.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**